UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| MARK A. GILLIAM # 23264 | ) | |
| | ) | |
| v. | ) | NO. 2:04-CV-101 |
| | ) | |
| MORRISTOWN POLICE DEP'T; | ) | |
| TONY WALLEN; MARK | ) | |
| McELHANEY, Detective; and | ) | |
| BILLY GULLEY, K-9 Unit | ) | |

## **MEMORANDUM and ORDER**

Mark A. Gilliam, a prisoner in the Whiteville Correctional Facility in Whiteville, Tennessee, brings this *pro se* civil rights action under 42 U.S.C. § 1983 against the Morristown Police Department and three of its officers. The plaintiff is **ASSESSED** the civil filing fee of $150.00. *See* 28 U.S.C. § 1914(a).[1] The custodian of the plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

    (a)    twenty percent (20%) of the average monthly

---

[1] Pursuant to the Omnibus Appropriations Act of 2005, the filing fee was increased to $250 for cases filed on or after February 7, 2005. However, since the plaintiff filed his case prior to the increase, he is being assessed the old fee.

> deposits to the plaintiff's' inmate trust account;

or

(b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B).

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $150.00 has been paid to the Clerk's Office.[2] *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the custodian of the inmate trust accounts at the facility wherein the plaintiff is confined and to Quenton White, Commissioner of the Tennessee Department of Correction, to ensure compliance with the above fee-assessment procedures.

The complaint now must be screened, *see* 28 U.S.C. §§ 1915A and § 1915(e), and must be dismissed if the Court determines that it is frivolous or fails to

---

[2] Send the payments to:
   Clerk, USDC
   220 West Depot Street, Suite 220
   Greeneville, TN 37743

2

Case 2:04-cv-00101   Document 4   Filed 07/07/05   Page 2 of 5   PageID #: 2

state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2).

The plaintiff states his claim in its entirety as follows.

> Tony Wallen on 5-8-'03. charged me with. resisting stop/frisk. Public Intoxication Possession of Schedule VI for sale.. Possession of Schedule IV. and. Possession of Drug Paraphernalia... Billy Gulley. K-9.Unit. Found the Drugs in a Field. owned by Another Individual. I do not know... Some 200 Feet/yards. From my Standing position upon My Arrest..Detective Mark McElhaney..Agreed to bring the charges on me...also. confinscated (sic) 560.00 dollars. From My Person. Along with the Contents of My Wallet...Charges were bound over to the Grand Jury on 5-14-'03. in Hamblen County..On 7-7-'03..upon Motion of the State. case is dismissed..by Judge James E. Beckner... Compl. at 3, ¶ IV.

Although the plaintiff has not included the legal theoies upon which his lawsuit rests, the Court infers, from the nature of his factual allegations, that he is pleading claims for arrest without probable cause and for malicious prosecution in violation of the Fourth Amendment's prohibition of unreasonable search and seizure.

The Sixth Circuit has summarized the law on such claims.

> "[I]t is well established that any arrest without probable cause violates the Fourth Amendment. For probable cause to arrest to exist, the facts and circumstances within the officer's knowledge [must be] sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing or is about to commit an offense. Whether there exists a probability of criminal activity is assessed under a reasonableness standard based on an examination of all facts and circumstances within an officer's knowledge at the time of an arrest."
>
> .........
>
> "Although this Court has yet to resolve the elements of a federal

3

> malicious prosecution claim, it is clear that a plaintiff must show, at a minimum, that there was no probable cause to justify [his] arrest and prosecution."

*Thacker v. City of Columbus*, 328 F.3d 244, 255 and 259 (6th Cir.2003) (all internal punctuation marks and citations omitted).

Thus, as *Thacker* makes clear, a plaintiff must demonstrate that probable cause was lacking in order to succeed on a § 1983 claim of unlawful arrest or malicious prosecution.

Here, however, the factual allegations offered by the plaintiff are insufficient to show that probable cause was lacking. Because the plaintiff bears the burden of showing "all material elements to sustain a recovery under *some* viable legal theory," *Lillard v. Shelby County Bd. of Educ.,* 76 F.3d 716, 726 (6th Cir. 1999) (emphasis in original), and because he has not shown that his arrest and prosecution were not supported by probable cause, he has not demonstrated that his arrest and prosecution violated the Fourth Amendment. The fact that the state court charges were dismissed upon motion of the prosecution does not alter this conclusion. *See Baker v. McCollan*, 443 U.S. 137, 145 (1979) ("The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted -- indeed, for every suspect released.").

Therefore, the plaintiff cannot prevail on his implied claims for malicious prosecution or arrest without probable cause since the allegations in the complaint fail

4

to state actionable § 1983 claims.

    A separate order will enter.

        ENTER:

                                      s/Thomas Gray Hull
                                      THOMAS GRAY HULL
                                          SENIOR U. S. DISTRICT JUDGE